UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA LOUISE JACKSON,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. ED CV 12-975-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance benefits ("DIB"). She claims that the Administrative Law Judge ("ALJ") erred when he classified her past jobs. For the reasons discussed below, the Court agrees and remands the case for further proceedings consistent with this decision.

## II. SUMMARY OF PROCEEDINGS

In October 2008, Plaintiff applied for DIB, claiming that she was disabled due to a foot injury, chronic pain, migraines, fatigue, sleep disturbance, weight gain, severe muscle cramps, and depression. (Administrative Record ("AR") 161-69, 176.) Her application was

denied initially and on reconsideration, after which she requested and was granted a hearing before an ALJ.  (AR 70-73, 76-78, 81-82, 93-98.) In July 2010, following the hearing, the ALJ issued a decision, finding that Plaintiff was not disabled.  (AR 24-32.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 5-8.)  This appeal followed.

III. DISCUSSION

   Plaintiff contends that the ALJ erred in determining at step four that she could perform her past work because he relied on the vocational expert's erroneous classification of that work.  For the following reasons, the Court agrees.

   In Plaintiff's hearing testimony and a work history report submitted with her application, she identified two previous jobs that are at issue here.  (AR 199-206.)  The first involved work as the coordinator at a group home for patients undergoing rehabilitation following brain injuries.  (AR 201, 205.)  Plaintiff oversaw the day-to-day operations of the home, scheduled therapy sessions, and hired, supervised, and trained the staff.  (AR 44-45, 201, 205.)  The vocational expert characterized this job as "program coordinator" under Dictionary of Occupational Titles ("DOT") No. 249.169-010.  (AR 61.)

   In Plaintiff's second job, she worked in a home office for a computer engineering consultant where she handled his schedule and mail, answered the telephone, processed accounts payable, and conducted "minor" quality assurance testing on his software design. (AR 59, 203.)  The vocational expert characterized this job as "administrative assistant" under DOT No. 169.167-010.  (AR 61-62.)

In his decision, the ALJ found that Plaintiff retained the functional capacity to do sedentary work, provided that she could readjust her position at will. (AR 28.) Relying on the vocational expert's characterization of her past jobs as program coordinator and administrative assistant, both sedentary jobs, he determined that Plaintiff was not disabled because she could still perform these jobs despite her limitations. (AR 32.)

With respect to the first job, program coordinator, purportedly found at DOT No. 249.169-010, the parties agree that there is no such section in the DOT and no such job title under a different section. (Joint Stip. at 9, 14.) The parties also agree that the nearest section in the DOT--No. 249.167-010--relating to the job of "automobile-club-safety-program coordinator"--does not describe Plaintiff's past work as a program coordinator, either. (Joint Stip. at 9-10, 14.) As such, it was error for the ALJ to rely on the vocational expert's testimony concerning this job to conclude that Plaintiff could work.[1]

As to the second job, identified by the vocational expert as administrative assistant, DOT No. 169.167-010, it is described in the DOT as follows:

> Aids executive in staff capacity by coordinating office
>   services, such as personnel, budget preparation and control,
>   housekeeping, records control, and special management
>   studies: Studies management methods in order to improve

---

[1] Plaintiff contends that the correct description of this job is "Coordinator of Rehabilitation Services," DOT No. 076.117-010. (Joint Stip. at 7-8.) It appears that Plaintiff is right, but a vocational expert should verify this on remand.

3

>     workflow, simplify reporting procedures, or implement cost
>     reductions.  Analyzes unit operating practices, such as
>     recordkeeping systems, forms control, office layout,
>     suggestion systems, personnel and budgetary requirements,
>     and performance standards to create new systems or revise
>     established procedures.  Analyzes jobs to delimit position
>     responsibilities for use in wage and salary adjustments,
>     promotions, and evaluation of workflow.  Studies methods of
>     improving work measurements or performance standards.
>     Coordinates collection and preparation of operating reports,
>     such as time-and-attendance records, terminations, new
>     hires, transfers, budget expenditures, and statistical
>     records of performance data.  Prepares reports including
>     conclusions and recommendations for solution of
>     administrative problems.  Issues and interprets operating
>     policies.  Reviews and answers correspondence.  May assist
>     in preparation of budget needs and annual reports of
>     organization.  May interview job applicants, conduct
>     orientation of new employees, and plan training programs.
>     May direct services, such as maintenance, repair, supplies,
>     mail, and files.  May compile, store, and retrieve
>     management data, using computer.

(DOT No. 169.167-010.)

Plaintiff contends that this description does not accurately reflect her duties on that job.  Rather, she believes that her duties are more closely aligned with the position of office helper:

>     Performs any combination of following duties in business
>     office of commercial or industrial establishment: Furnishes

4

> workers with clerical supplies. Opens, sorts, and
> distributes incoming mail, and collects, seals, and stamps
> outgoing mail. Delivers oral or written messages. Collects
> and distributes paperwork, such as records or timecards,
> from one department to another. Marks, tabulates, and files
> articles and records. May use office equipment, such as
> envelope-sealing machine, letter opener, record shaver,
> stamping machine, and transcribing machine.

(DOT No. 239.567-010.)

She points out that the office helper job is light work as generally performed and as she actually performed it and, therefore, she is not capable of performing that job since she is limited to sedentary work. (Joint Stip. at 12-13.)

The Agency disagrees. It argues that the office helper job, which is unskilled work, does not accurately depict Plaintiff's past job because she was required to perform skilled duties, including scheduling, working with accounts payable, and performing software quality assurance testing. (Joint Stip. at 15.)

While it may be true that Plaintiff's job involved some tasks which required more skill than that of an office helper, it is not clear to what extent she performed these other tasks, like software quality assurance testing. On this bare record, it appears that the administrative assistant job is significantly broader and more complex than Plaintiff's past job because it involves analyzing, studying, coordinating, and interpreting--tasks that Plaintiff apparently did not perform.

For these reasons, the Court concludes that remand is required to further develop the record. The ALJ should call a vocational expert

to identify Plaintiff's position at the group home and then determine if she is still capable of performing that job.  In addition, further testimony should be elicited from Plaintiff to determine precisely what she did at the second job as an administrator/office assistant for the computer engineer.[2]

## IV. CONCLUSION

For the reasons set forth above, the ALJ's decision is reversed and the case is remanded to the Agency for further consideration.

IT IS SO ORDERED.

DATED: October 2, 2013.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\JACKSON, P 975\Memo Opinion and Order.wpd

---

[2] Plaintiff claims that the Medical-Vocational Guidelines (the "Grids"), specifically Grid Rules 201.12 and 201.14, direct a conclusion that she is disabled. (Joint Stip. at 13.) This argument, however, ignores the fact that the Grids do not direct a disability finding if she has transferable skills or education providing for direct entry into skilled work, see Grid Rules 201.13, 201.15; 20 C.F.R. Part 404, Subpart P, App. 2 § 201.00(g), which it appears she does. (AR 43-46.) It further ignores the fact that there is a question as to how her jobs are classified and whether she is still capable of performing them.